IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MASTIN EUGENE TAYLOR,                                CV. 04-1072-KI

        Petitioner,                           OPINION AND ORDER

  v.

SHARON BLACKETTER,

        Respondent.

Stephen A. Lipton
Attorney at Law
161 High Street S.E., Suite 242
Salem, Oregon 97301

    Attorney for Petitioner

Hardy Myers
Attorney General
Lynn David Larsen
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-6313

    Attorneys for Respondent

KING, Judge

    Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28

1 -- OPINION AND ORDER

U.S.C. § 2254. For the reasons set forth below, petitioner's amended habeas corpus petition (#3) is DENIED on the basis that it is untimely.

**BACKGROUND**

On December 17, 1984, petitioner was convicted of murder. Petitioner received a life sentence, with a five-year minimum. On May 7, 1993, petitioner was released on parole, with a tentative parole expiration date of May 6, 1995. On May 19, 1995, the Oregon Board of Parole ordered petitioner's parole supervision to continue for an indefinite period of time.

On November 29, 1995, petitioner's parole was suspended. On December 13, 1995, petitioner was released on parole with additional supervision conditions. On January 22, 1996, petitioner sought review of the additional conditions. On January 30, 1996, the Board issued an order denying review and informing petitioner that the order was "not subject to judicial *appeal*." (Emphasis added.)

On November 22, 2002, petitioner filed a "delayed Request for Administrative Review" of the Board's May 19, 1995, order. On January 15, 2003, the Board denied the request as untimely. On March 24, 2003, petitioner filed an appeal to the Oregon Court of Appeals. The court of appeals dismissed the appeal, and the Oregon Supreme Court denied review. The appellate judgment issued on May

25, 2004. Petitioner filed the instant proceeding on August 4, 2004.

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period became effective on April 24, 1996. A state prisoner whose direct appeal became final prior to that date, had until April 24, 1997, to file a federal habeas petition. Gaston v. Palmer, 2005 WL 1803261 *1 (9th Cir. Aug. 2, 2005).

In the instant proceeding, petitioner seeks to challenge two Board decisions which were issued, and which he received notice of, prior to the enactment of the AEDPA. Absent tolling, his habeas petition should have been filed on or before April 24, 1997. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); 28 U.S.C. § 2244(d)(1)(D). Petitioner does not contest that his habeas petition was filed beyond the limitation period, but argues that the limitation period should be equitably and statutorily tolled.

A state prisoner seeking to equitably toll the limitation period bears the burden of proving that he pursued his rights diligently and that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Gaston,

2005 WL 1803261 *2; Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001), reh'g en banc, 295 F.3d 1046 (9th Cir. 2002).

"'[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)). The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the extraordinary circumstance was the but-for and proximate cause of his late filing. Gaston, 2005 WL 1803261 *3; Allen, 255 F.3d at 800.

The limitation period may be statutorily tolled under § 2244(d)(1)(B) upon a showing that petitioner *was prevented* from filing a timely habeas petition by a state created impediment in violation of the Constitution or laws of the United States. Gaston, 2005 WL 1803261 *3.

I. **May 19, 1995, Board Action**.

Petitioner contends that his delay in seeking federal habeas corpus relief challenging the Board's May 19, 1995, order was caused by the fact that he did not receive timely notice of the decision. Petitioner concedes, however, that he received notice of that decision no later than November 29, 1995, when his parole was suspended. Petitioner fails to explain how this alleged delay in 1995 impeded his ability to file his federal habeas petition on or before April 24, 1997. In this regard, the court notes that

4 -- OPINION AND ORDER

petitioner did not even commence state review proceedings until approximately seven years after he allegedly received notice of the challenged Board action. "'Equity always refuses to interfere where there has been gross laches in the prosecution of rights.'" Pace, 125 S.Ct. at 1815, quoting McQuiddy v. Ware, 87 U.S. 14, 19 (1873). Accordingly, I conclude that the alleged untimely notice in 1995, did not prevent petitioner from filing a timely habeas petition and is not an extraordinary circumstance sufficient to equitably toll the federal limitation period.

**II. December 13, 1995, Board Action.**

Petitioner contends that the filing of his habeas petition challenging the December 13, 1995, order was delayed by the Board's statement the its administrative review order was not subject to judicial appeal. In this regard, petitioner argues that the actions of the Board "were the proximate cause of petitioner's untimeliness at the state level and, consequently, at the federal level." (Petitioner's Reply at 5.) Petitioner argues that his belief that he had no *state* remedy, combined with his understanding that state remedies must be exhausted prior to the filing of a federal habeas corpus petition, delayed the filing his *federal* habeas corpus petition. (Petitioner's Reply to Respondent's Response at 2 & 4.)

Petitioner has failed to demonstrate that his belief concerning the availability of a *state* remedy proximately caused

5 -- OPINION AND ORDER

the belated filing of his *federal* habeas corpus petition. Logically, a state prisoner's erroneous belief that he had no state remedies would lead to the premature, rather than the delayed, filing of a federal habeas corpus petition because the prisoner necessarily would conclude that no state remedies existed to exhaust. See 28 U.S.C. § 2254(b)(1)(B)(i) (exhaustion not required where there is an absence of available state corrective process).

Moreover, it is worthy of note that more than a year elapsed between the time petitioner received the Board's administrative review order and the expiration of the limitation period. It is "much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period." Allen, 255 F.3d at 800.

Finally, petitioner argues that respondent should be estopped from raising the statute of limitations as a defense because the Board gave him "incorrect information about the statute of limitations, resulting in extraordinary circumstances justifying equitable tolling." See Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) ("wrongful conduct" on part of defendant is extraordinary circumstance warranting equitable tolling); Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996) (equitable estoppel applies when wrongful conduct of defendant prevents plaintiff from filing on time). This argument lacks merit, however, due to the absence of any evidence that the Board

gave petitioner "incorrect information" about the *federal* limitations period or his ability to seek federal habeas corpus relief. Petitioner was informed only that the Board's administrative review response was not subject to judicial *appeal*.[1]

In sum, I conclude that the Board's statement that its administrative review order was not subject to judicial *appeal*, did not prevent petitioner from filing a timely federal habeas petition and is not an "extraordinary circumstance" sufficient to toll the federal limitation period.[2]

## CONCLUSION

Based on the foregoing, petitioner's amended habeas corpus petition (#3) is DENIED as untimely, and this proceeding is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  4th  day of August, 2005.

/s/ Garr M. King
Garr M. King
United States District Judge

---

[1] It is worthy of note that petitioner incorrectly states throughout his memoranda that the Board's administrative review order stated that it was not subject to judicial "review". In fact, it provided that the order was not subject to judicial "appeal".

[2] Petitioner requests an evidentiary hearing to further develop factual support for his equitable tolling claim. Because the court would not benefit from any further factual development, his request for an evidentiary hearing is denied.